CHAUNCEY D. HARDIN and Others v. ALEXANDER P. JAMISON.[1]

February 25, 1895.

No. 9208.

**Partnership Property in Partner's Name.**
   Where one partner purchases real estate with partnership funds, and takes the title in his own name, he will be deemed a trustee holding such title for the benefit of the partnership.

**Same—Burden of Proof.**
   Whenever partnership property is traced into the hands and possession of an individual partner, the burden is upon him to show why it should not be treated as partnership assets.

**Conveyance by One Partner.**
   Where there are more than two copartners, one of them cannot convey or release to another partner valuable partnership property, without the knowledge or consent of the other partners.

Appeal by plaintiffs from an order of the district court for Waseca county, Buckham, J., denying a motion for a new trial. Reversed.

*P. McGovern, John Moonan,* and *Davis, Kellogg & Severance,* for appellants.

*Sawyer & Sawyer,* for respondent.

BUCK, J. The plaintiffs and the defendant and one Chauncey Hardin, deceased, were partners doing a private banking business at the city of Waseca, in this state, under the firm name of C. Hardin & Sons. Chauncey Hardin died on January, 5, 1892, and the partnership was thereby dissolved. Before the commencement of this action, the defendant duly assigned and conveyed to the plain-

[1] Reported in 62 N. W. 394.

tiffs Chauncey D. Hardin and Delavan S. Hardin all his right, title, and interest in and to the business, assets, and property of said copartnership. The controversy is over the title to a quarter section of land situate in Waseca county, which the defendant purchased, taking the title in his own name, but which plaintiffs contend was bought with partnership funds, and that it is therefore partnership property, and that at the time of such purchase, and before that time, and for a long period of time thereafter, the defendant was a partner of said firm of C. Hardin & Sons. The court below found that the defendant was a copartner with the plaintiffs in the business transaction out of which this controversy arose, and upon the facts appearing in this case we do not feel disposed to interfere with the finding of the court as to the existence of such copartnership. However, we should not omit to state that, in our opinion, G. S. 1894, § 5255, has no application to the pleadings in this case. It is not of the essence of the complaint that the plaintiffs were copartners, but that the plaintiffs and defendant were such, at the time of the doing of the act alleged in the complaint. The denial, therefore, in the answer was not that the plaintiffs were copartners, but that the defendant was a copartner with them. Plaintiffs and defendant must, however, be treated as copartners under the finding of the court. During the existence of this copartnership, and on August 25, 1880, the defendant, Jamison, recovered a judgment in his name against one Gadiant for $218.85, which judgment became a lien upon the land in controversy, then owned by Gadiant; and although the note and mortgage upon which such judgment was rendered were payable to Jamison, yet they were in fact the property of said copartnership, and the defendant in procuring the judgment did so in behalf of such copartnership. Prior to the rendition of the judgment, the land was heavily incumbered with a mortgage, and the defendant, with the view of protecting the judgment lien, purchased the land at a forfeited tax sale of lands for delinquent taxes for the year 1879 and previous years, which sale took place September 25, 1881, and defendant paid therefor of the moneys of the copartnership the sum of $150 into the treasury of Waseca county, and took a tax deed of the land in his own name, but for the benefit and as the property of the copartnership. This tax deed bears date September 26, 1881, and by virtue of this deed the de-

fendant claims to own, and since its date has held possession of, said land.    Afterwards the defendant, acting in behalf of the copartnership, caused to be assigned to himself various tax certificates of the sale of said land, and paid various taxes thereon, amounting to $115.45, out of the copartnership funds.    In a subsequent contest as to the tax title and the mortgage lien upon the land, the title to the premises was adjudged by the court to be in defendant, but in this contest the defendant's expenses amounted to the sum of $273.-40, which were paid by the defendant personally.    The court below found that, after the termination of this action, the defendant and the firm of C. Hardin & Sons entered into an arrangement, whereby it was mutually agreed that the defendant should repay to said C. Hardin & Sons the sum of $150, paid by him upon the tax sale, and that the defendant should keep said land, and the title acquired under such tax sales, as his individual property, free from any claim of C. Hardin & Sons thereto; and that on or about May 7, 1887, the defendant, under said agreement, paid to C. Hardin & Sons said sum of $150.

This finding is the only one for us to consider, and for this purpose we must assume that, at the time of this alleged transaction, the defendant was a partner in the copartnership firm of C. Hardin & Sons.    Being such partner, and having in his own name real estate purchased with money which nearly all belonged to the copartnership, he would be a trustee holding such title for the benefit of the partnership, so far as necessary for the adjustment of the equities of its members.    If the defendant claims that the other members of the firm released to him their interest in the land in controversy, the burden of satisfactorily proving this rests upon the defendant.    When partnership property is once traced into the hands or possession of an individual member of the partnership, he must account for the same, or show why it should not be deemed partnership assets.    In attempting to establish title to this land in himself, we are of the opinion that the facts fail to justify his claim. Nowhere, either by his evidence or that of any other person, or in any other way, does he pretend that he ever made any contract, agreement, or arrangement with the other partners, jointly or while they were together, that he should keep this land as his own.    There were five partners besides himself.    His claim to have procured this

release to him of the copartnership interest in the land rests upon an alleged conversation with C. Hardin, one of the partners, who, he claims, said to him that if he would test the title to that land, and repay the bank the $150 paid for the tax title, he could have the land, and that he reported this conversation to D. S. Hardin; also upon the further fact that there was a credit of $150 on the bank ledger, which showed that he had paid this amount for his interest into the bank. This credit was first made by the defendant on the bank blotter, but it does not appear that more than one of the other partners knew what this credit of $150 represented. Where a copartnership consists of more than two partners, one of them cannot convey or release to another partner valuable partnership property without the knowledge or consent of the other partners. Copartnership business requires the utmost good faith upon the part of each partner towards the others; otherwise the beneficial results of copartnership business might be entirely destroyed.

The order of the trial court denying the motion for a new trial is reversed.